*Oyewo v. LaHood*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of March, two thousand thirteen.

PRESENT:

> JOHN M. WALKER, JR.,
> RICHARD C. WESLEY,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

JULIA OYEWO,

> *Plaintiff-Appellant,*

> v.                                              12-2179

RAY LAHOOD, SECRETARY, U.S.
DEPARTMENT OF TRANSPORTATION,

> *Defendant-Appellee.*


_____

**FOR PLAINTIFF-APPELLANT:**    Julia Oyewo, *pro se*, New York, NY.

**FOR DEFENDANT-APPELLEE:**    Christine S. Poscablo, Assistant United States Attorney, Benjamin H. Torrance, Assistant United States Attorney, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for Southern District of New York (Fox, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED.**

Appellant Julia Oyewo, proceeding *pro se*, appeals from a Memorandum and Order by the United States District Court for the Southern District of New York (Fox, *M.J.*) granting Appellee Department of Transportation's ("DOT") motion for summary judgment and dismissing her employment discrimination complaint.  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's grant of summary judgment, with the view that "[s]ummary judgment is appropriate only if the moving party shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law."  *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003).

2

As an initial matter, Oyewo has abandoned her alternative work schedule claim by raising it for the first time in opposition to DOT's motion for summary judgment, *see Greenidge v. Allstate Ins. Co.*, 446 F.3d 356, 361 (2d Cir. 2006), and by presenting minimal argument in her brief on appeal, *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998). Likewise, Oyewo waived her job duties claim by not raising arguments concerning it in her brief on appeal. *Id.; LoSacco v. City of Middletown*, 71 F.3d 88, 92-93 (2d Cir. 1995).

Upon review of Oyewo's remaining claims, we conclude that her appeal is without merit substantially for the reasons articulated by the magistrate judge in his March 26, 2012 Memorandum and Order.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3